```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL J. WANG,

                Plaintiff,

        -against-                    MEMORANDUM AND ORDER
                                     02-CV-5840(JS)(ARL)

STATE UNIVERSITY OF NEW YORK HEALTH
SCIENCES CENTER AT STONY BROOK, PETER
GLASS, MB Ch. B, individually and as
Chairman of the Department of
Anesthesiology, FREDERICK SCHIAVONE,
M.D., individually and as Associate
Dean for Post Graduate Medical Education,
JOHN AND JANE DOES, 1 through 5,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Michael J. Wang, pro se
                    4 Chester Street
                    South Setauket, New York 11720

For Defendants:     Toni E. Logue, Esq.
                    NYS Attorney General's Office
                    200 Old Country Road
                    Mineola, New York 11501
```

SEYBERT, District Judge:

On November 4, 2002, pro se Plaintiff, Michael J. Wang ("Plaintiff"), filed a Complaint in the United States District Court for the Eastern District of New York against Defendants State University of New York Health Sciences Center at Stony Brook ("SUNY"), Peter Glass ("Glass"), Frederick Schiavone, M.D. ("Dr. Schiavone"), and John and Jane Does, 1 through 5 (collectively "Defendants"). Plaintiff alleged that Defendants discriminated against him on the basis of his race in violation of the United States and New York Constitutions, 42 U.S.C. §§ 1981, 1983, 1985,

1986, 1988, and 2000(e) and related New York laws, and alleged claims of intentional infliction of emotional distress, tortious interference with economic prospective advantage, and slander.

On February 23, 2006, this Court granted summary judgment for Defendants on all of Plaintiff's claims. Plaintiff appealed the Court's Order to the Second Circuit Court of Appeals. On May 15, 2007, the Second Circuit issued a mandate affirming this Court's Order.

On October 9, 2007, Plaintiff filed a motion to "reopen" this case and a motion for sanctions against New York State Attorney General Toni E. Logue ("Logue"), and on October 15, 2007, Plaintiff filed a motion to vacate this Court's Order. The motion to reopen and the motion to vacate are nearly identical and allege, in essence, that the Court should reconsider its Order granting summary judgment because Logue lied to the Court. The Court DENIES these motions.

## DISCUSSION

I. Standard Of Review

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

2

> discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying
> it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict" with the burden of proof on the party seeking reconsideration. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court. See Shrader, 70 F.3d at 257 ("Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); see also United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Reconsideration may only be granted "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law[,] or prevent manifest injustice." Cornett v. Brown, No. 04-CV-0754, 2007 U.S. Dist. LEXIS 68668, at *9 (E.D.N.Y. Sept. 27, 2007).

When deciding a motion pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on

the merits against the policy in favor of finality." <u>Stewart Park & Reserve Coal. Inc. v. Slater</u>, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting <u>Kotlicky v. U.S. Fid. & Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987)). "Rule 60(b) motions are left to the sound discretion of the district judge." <u>Id.</u> (citing <u>Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf</u>, 930 F.2d 240, 244 (2d Cir. 1991)).

II. <u>Plaintiff's Motion To Reopen And Motion To Vacate Are Denied</u>

At the outset, the Court notes that Plaintiff's filed his motion to vacate over a year after this Court's Order granting summary judgment. A motion for reconsideration must be submitted within ten days of the Court's Order. "Failure to submit a timely motion for reconsideration may result in denial of the motion." <u>Fleming v. Verizon N.Y. Inc.</u>, No. 03-CV-5639, 2006 U.S. Dist. LEXIS 68632, at *38 fn 5 (S.D.N.Y. Sept. 22, 2006).

Moreover, Plaintiff has not provided the Court with any basis for reconsidering its Order. Plaintiff's motion papers simply reiterate the standard for granting a motion for reconsideration, but do not state any law or facts that the Court overlooked. Plaintiff's entire motion is based on his allegation that "defendant's attorney lied to the court about material facts . . . and made numerous lies in court during course of litigation against SUNY and USLME in violation of [the Rules of Professional Conduct]." Plaintiff does not cite to any specific untrue statements made by Logue. The Court does not find any merit in

4

Plaintiff's contention.  Moreover, Plaintiff's allegation that Logue lied is already the basis of another suit Plaintiff filed in this Court, which the Court dismissed on June 10, 2008.[1]  See Wang v. Logue, No. 08-CV-0383 (JS)(ARL).

Plaintiff's assertions do not provide a basis for the Court to vacate its prior Order, and as such, the Court DENIES Plaintiff's motion to reopen this case and Plaintiff's motion to vacate the February 23, 2006 Order.

III. Motion For Sanctions

Plaintiff's motion for sanctions against Logue is also DENIED.  As above stated, the Court has not found any merit in Plaintiff's statements that Logue lied to this Court, and therefore rejects Plaintiff's motion for sanctions against Logue.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to reopen this case, Plaintiff's motion to vacate the February 23, 2006 Order, and Plaintiff's motion for sanctions.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         September  24 , 2008

---

[1] Plaintiff appealed that decision and the Court of Appeals has not yet ruled on the appeal.